**Hilda S. BURLINGHAM, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25742.**

United States Court of Appeals
Fifth Circuit.

Oct. 31, 1968.

---

Pat Hall, Runge, Marschall, Hall & McLaughlin, San Angelo, Tex., for appellant.

Ernest Morgan, U. S. Atty., San Antonio, Tex., Mitchell Rogovin, Asst. Atty. Gen., Richard C. Pugh, Acting Asst. Atty. Gen., Lee A. Jackson, Harry Marselli, Robert N. Anderson, David E. Carmack, Attys. Dept. of Justice, Washington, D. C., for appellee.

Before GEWIN, PHILLIPS* and GOLDBERG, Circuit Judges.

PER CURIAM:

This is an action for the recovery of income taxes, growing out of unhappy domestic difficulties culminating in the divorce of the taxpayer, Helen S. Burlingham, and her husband, Lloyd Burlingham. Mrs. Burlingham received life income from a trust created under the Massachusetts will of her father. All of the taxes in question were collected upon distributions of income from this testamentary trust. The amount of taxes involved is $17,414.88 for the years 1957, 1959, 1960 and 1961, plus interest. All the taxes were paid by Mrs. Burlingham under separate tax returns. The taxes were paid on income received after the separation of the parties but prior to their divorce in 1963.

The taxpayer contends that she had established a separate domicile in Texas because her husband had deserted her and that the income was therefore community property under the law of Texas.

The District Judge, hearing the case without a jury, made comprehensive findings of fact and conclusions of law. He found that during each of the taxable years involved Mr. Burlingham was domiciled in Washington, D. C., where there is no community property law; that the taxpayer was not deserted by her husband; and that as Mr. Burlingham's wife, the taxpayer was also domiciled in Washington during the years in question. He further found that Mr. Burlingham had neither claimed nor received any of the income from the trust during the years involved and that Mrs. Burlingham received all the income for use according to her own preference and choice. He therefore concluded that the income was properly taxed as Mrs. Burlingham's separate income.

As in most litigation involving issues of domestic relations and domicile, the evidence contains sharp contradictions. No useful purpose would be served by

* Judge Harry Phillips of the Sixth Circuit, sitting by designation.

narrating the details here. The District Judge had an opportunity to hear the testimony of the parties and to observe their demeanor in the courtroom. After reviewing the entire record, we cannot say that he was clearly erroneous in his findings that the husband did not desert the taxpayer and that her domicile during the years in question was Washington, D. C. Rule 52(a), Fed.R.Civ.P. In view of this determination it is not necessary to pass upon the issues of Texas community property law which would be determinative if the legal domicile of the taxpayer had been in Texas.

Judgment affirmed.